J-S27015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                       : PENNSYLVANIA
                                                       :
            v.                                   :
                                                     :
JOHN FRANCIS LOGAN            :
                                                     :
          Appellant           : No. 3703 EDA 2017

Appeal from the PCRA Order October 10, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000628-2006

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.: **FILED JULY 19, 2018**

Appellant, John Francis Logan, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

We summarize the procedural history of this case as follows. On January 9, 2007, Appellant entered a negotiated guilty plea to the crime of third-degree murder.[1] Also on that day, the trial court sentenced Appellant to serve a term of incarceration of twenty to forty years. Appellant did not file a direct appeal.

Appellant filed the instant PCRA petition, *pro se*, on June 8, 2017. On June 29, 2017, the PCRA court appointed counsel to represent Appellant. On

---

[1] 18 Pa.C.S. § 2502(c).

August 28, 2017, counsel filed an amended PCRA petition. The PCRA court held a hearing on October 6, 2017. On October 10, 2017, the PCRA court entered an order denying Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

> Appellant presents the following issues for our review:
>
> I. Was PCRA counsel ineffective when he failed to address the issues raised by [Appellant] in his Pro Se PCRA petition and Amended said petition and raised claims not raised by petition thereby causing the PCRA petition to be deemed untimely by the PCRA court.
>
> II. Did the PCRA court abuse its discretion when it failed to address or even answer the any [sic] of the issues raised by [Appellant] in his Pro Se PCRA petition and where the court opted to address only the issues raised by counsel in the amended petition and dismissed said petition as being time-barred.

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support

in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

However, as a prefatory matter, we must address whether Appellant satisfied the timeliness requirements of the PCRA. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

An untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on February 8, 2007, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a timely direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). *See Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (reiterating that judgment of sentence becomes final upon conclusion of direct review or upon expiration of time for seeking review and holding the appellant's judgment of sentence became final after the expiration of the thirty-day period in which the appellant was permitted to seek further review in our Supreme Court). Thus, in order to be timely under the PCRA, Appellant needed to file his PCRA petition on or before February 8, 2008. Appellant did not file the PCRA petition until June 8, 2017. Accordingly, the instant PCRA petition is patently untimely.

---

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

As stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant has not specifically alleged that the delay in filing his PCRA petition was due to interference by governmental officials, that the facts underlying his petition were unknown to him and could not have been ascertained by the exercise of due diligence, or that the right he has asserted is a retroactive constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Because Appellant fails to invoke any of the timeliness exceptions contained in the PCRA, the instant petition remains time-barred.

We observe that Appellant seeks relief through the PCRA by alleging that he is serving an illegal sentence. Appellant's Brief at 14-21. Appellant states that "it is clear that the 20-to-40 years sentence imposed [for the conviction of third-degree murder] by the judge on January 9, 2010 is illegal due to the judge not being authorized by statute of the law to impose such a sentence." *Id*. at 20-21.

The timeliness provisions of the PCRA apply to "all PCRA petitions, regardless of the nature of the individual claims raised therein." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012). Our Supreme Court has held that "[a]lthough legality of sentence is always subject to review

within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). As discussed above, Appellant has failed to meet the timeliness requirements and none of the enumerated exceptions applies. Accordingly, his claim challenging the legality of his sentence cannot be addressed due to lack of jurisdiction.

In conclusion, because Appellant's PCRA petition was untimely filed and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/18